# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

ERIC CHISM                                                                PLAINTIFF

v.                                                                                CIVIL ACTION NO. 5:10CV-88-R

CHRISTIAN COUNTY JAIL *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Eric Chism filed a *pro se* action pursuant to 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is before the Court for initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will provide Plaintiff with an opportunity to amend the complaint prior to dismissal.

### I. SUMMARY OF CLAIMS

Plaintiff is a pre-trial detainee incarcerated at the Christian County Jail. In the case caption, Plaintiff names the Christian County Jail, Brad Boyd, and Medical Staff as Defendants. However, in the portion of the form complaint where the names of Defendants are to be listed, Plaintiff lists only Brad Boyd, whom he identifies as the Jailer of the Christian County Jail, and he does not indicate in which capacity he sues Boyd.

Plaintiff states in the complaint that he injured his leg in the gym of the Christian County Jail on January 18. He reported the injury on January 20, and "they said it was a bad sprain, recommended ice and ibuprofen '800.'" On January 28, Plaintiff saw the doctor who recommended that he see a doctor to get x-rays. He did not hear from anyone for 25 days, then saw Joseph Mesa in Madisonville. Dr. Mesa recommended emergency pain medication and recommended surgery, which was to occur on a day in March. However, the surgery did not take place, and Plaintiff tried to reschedule the surgery to no avail. In April, Plaintiff saw Dr.

Mesa again. Dr. Mesa said that "it was to late for the same surgery as before. He said it would be chronic surgery due to the jail waiting so long." Plaintiff saw another doctor on April 22 who said that he needed a sports medical doctor. Plaintiff states that he is "still hurting bad" and cannot walk right. Plaintiff also claims that since he cannot get up on the top bunk he has to sleep on the floor because of his condition. As relief, Plaintiff seeks $1 million in money damages, $200,000 for "future bills," and injunctive relief in the form of "[p]robation because of my condition."[1]

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action proceeding *in forma pauperis*, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the

---

[1] Plaintiff cannot seek release on probation as relief in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking an immediate or speedier release from custody, the § 1983 claim for such injunctive relief cannot lie.

2

district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A.     Christian County Jail**

The Christian County Jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Christian County that is the proper defendant. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Christian County is a "person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will

therefore construe the claim against the Christian County Jail as brought against Christian County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether this municipality is responsible for the alleged constitutional violations.

Plaintiff alleges that he was denied medical treatment while incarcerated at the Christian Jail. A municipality "cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir.

4

2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Christian County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Therefore, Plaintiff's claim against the Christian County Jail must be dismissed for failure to state a claim upon which relief may be granted.

**B.     Brad Boyd**

Plaintiff fails to specify in which capacity he sues Defendant Jailer Boyd. "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether a defendant has been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). While an individual-capacity claim seeks to hold an individual defendant liable for his own actions, an official-capacity claim seeks to hold the municipality liable for its actions. In the present case, the complaint is devoid of any indication that Defendant Boyd has been sued in his individual capacity. Thus, absent indication to the contrary, the Court must presume that Defendant Boyd

is being sued in his official capacity. Regardless of the capacity in which Plaintiff seeks relief, however, the claim against Defendant Boyd must be dismissed.

An official-capacity claim against Defendant Boyd is actually a claim against his employer, Christian County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). Therefore, an official-capacity claim against Defendant Boyd fails for the same reasons described above that Plaintiff's claim against the Christian County Jail fails.

In addition, had Plaintiff sued Defendant Boyd in his individual capacity, the claim also would fail. The complaint makes no reference to him, except in the portions of the complaint in which Defendants are to be listed. Plaintiff states no facts regarding Defendant Boyd's personal involvement in the events giving rise to the complaint. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged any facts involving Defendant Boyd, the claim against him will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff seeks to hold Defendant Boyd liable based on his supervisory authority, as stated above, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v.*

6

*Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to demonstrate any facts showing that Defendant Boyd encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct. Accordingly, an individual-capacity claim against Defendant Boyd would also fail.

Consequently, Plaintiff's claim against Defendant Boyd will be dismissed for failure to state a claim.

**C.     Medical Staff**

Plaintiff also lists "Medical Staff" in the caption of the complaint but fails to list any members of the medical staff in the portion of the complaint where Defendants are to be listed. Moreover, he does not identify in which capacity he sues any member of the medical staff. As

7

previously stated, Plaintiff has a duty under the Federal Rules of Civil Procedure to provide Defendants with "fair notice of the basis for his claims." *Swierkiewicz*, 534 U.S. at 514. To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo* 423 U.S. at 375-76.

Prior to dismissing the action, however, the Court **GRANTS Plaintiff 30 days from entry of this Memorandum Opinion and Order in which to amend the complaint** to name the specific individuals whom he claims denied him medical treatment, to describe how each defendant violated his rights, including providing dates and the specific circumstances around each claim, and to identify the capacity in which each person is sued.

**Plaintiff's failure to file an amended complaint within the time allotted will result in dismissal of this action for the reasons set forth herein.** The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form with the civil action number and "Amended Complaint" affixed to the caption of the complaint form.

Date:

cc: Plaintiff, *pro se*
4413.010