UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ERIC CHISM                                                                                                   PLAINTIFF

v.                                                                          CIVIL ACTION NO. 5:10CV-88-R

CHRISTIAN COUNTY JAIL *et al.*                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eric Chism filed a *pro se* action pursuant to 42 U.S.C. § 1983 proceeding *in forma pauperis*. By Memorandum Opinion and Order entered August 18, 2010, the Court ruled that Plaintiff's claims against the Christian County Jail, Jailer Brad Boyd, and the "Medical Staff" would be dismissed upon initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Before dismissing the complaint, however, the Court allowed Plaintiff the opportunity to amend his complaint to name the specific individuals whom he claims denied him medical treatment; describe how each defendant violated his rights, including providing the dates and the specific circumstances around each claim; and identify the capacity in which each person is sued. Plaintiff filed an amended complaint on September 3, 2010. The amended complaint is now before the Court for initial screening pursuant to § 1915A and *McGore,* 114 F.3d at 604. For the reasons that follow, the Court will dismiss the action.

**I. SUMMARY OF CLAIMS**

In the amended complaint, Plaintiff lists in the caption Defendants Christian County, Jennie Stuart Medical Center ("JSMC"), Missy Lancaster, and Carol Mann. He sues Lancaster and Mann in their official capacities. Plaintiff, a pre-trial detainee at the Christian County Jail, states that he was injured at the Christian County Jail on January 18. He reported the injury on January 20, and Lancaster and Mann said it was a bad sprain and recommended ice and

ibuprofen 800.  On January 28, Plaintiff saw the jail doctor who recommended he get x-rays.  Plaintiff states, "I did not get a MRI from the x-ray dept. of Jennie Stuart Medical Center and that's why I put Jennie Stuart down as a defendant in this case."  Plaintiff states that he did not hear anything from Lancaster or Mann after the x-ray.  Twenty-five days later, Lancaster said that his foot was not broken and he would be okay.  Plaintiff filled out another nurse slip to let the nurses know he was still in pain.  Lancaster examined Plaintiff's leg again and then arranged for him to see Dr. Joseph Mesa.  Dr. Mesa recommended emergency pain medication and surgery, which was to occur on March 15.  However, on March 15, Plaintiff had a court date, and he had to cancel the surgery.  He was then told by Dr. Mesa that it was too late for the same surgery because "it had healed up wrong."  Plaintiff was then referred to a sports medicine doctor, who also told Plaintiff there was nothing he could do for him.

As relief, Plaintiff seeks $1 million in money damages, $200,000 in punitive damages, compensation for pain and suffering, and injunctive relief in the form of "settlement of claim."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action proceeding *in forma pauperis*, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins.*

*Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.     Jennie Stuart Medical Center**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

JSMC is a private entity. The United States Constitution does not apply to the conduct of private entities or persons; it applies to conduct by the government. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991). A private citizen is not liable for an alleged constitutional violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Id.* JSMC, however, is a private actor which does not derive its authority from the state, and it is therefore not subject to a § 1983 claim.

**B.     Christian County, Lancaster, and Mann**

Plaintiff also sues Christian County and Lancaster and Mann in their official capacities only. The official-capacity claims against Lancaster and Mann are actually claims against their employer, Christian County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). However, these claims fail for the same reasons Plaintiff's claims against the Christian County Jail and Brad Boyd in his official capacity failed, as stated in the Court's August 18, 2010, Order.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether this municipality is responsible for the alleged constitutional violations.

Plaintiff alleges that he was denied medical treatment while incarcerated at the Christian Jail. A municipality "cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

4

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's claim appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the amended complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Christian County, the amended complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Therefore, Plaintiff's claims against Christian County and Lancaster and Mann in their official capacity must be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

The Court will, by separate Order, dismiss Plaintiff's claims for the foregoing reasons.

The **Clerk of Court is DIRECTED** to send Plaintiff a blank § 1983 complaint form should Plaintiff wish to sue Defendants in their individual capacities.

Date:

cc:     Plaintiff, *pro se*
4413.010